## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

CHARLES D. MORRIS,

    Plaintiff

v.

RN MELISSA MITCHELL, et al.,

    Defendants

Case No.: 3:23-cv-00042-ART-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 68

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion to enforce the settlement agreement entered into by the parties. (ECF Nos. 68, 68-1 to 68-4.) Despite being given two extensions of time (ECF Nos. 69, 70, 71, 73), Plaintiff did not file a response.

After a thorough review, it is recommended that Defendants' motion be granted.

### I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center. (Compl., ECF No. 6.) The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim as well as a claim under the Americans with Disabilities Act (ADA) against defendants Director of Nursing John Keast and Nurses Melissa Mitchell and Gaylene Fukagawa (mistakenly named by Plaintiff as

RN Gayln). Plaintiff alleges that despite knowing of his need for mobility assistance, Defendants failed to provide him with adequate mobility equipment.

Summary judgment was granted in Defendants' favor except for the Eighth Amendment claim against defendant Keast. (ECF No. 49.) This matter was then referred to the undersigned for a settlement conference on the remaining claim (ECF No. 50); however, the parties reached a settlement before the date of the settlement conference (ECF No. 52).This case was settled along with two of Plaintiff's other cases, 3:18-cv-00310-CLB and 3:24-cv-00598-MMD-CSD. (ECF No. 68-2.)[1] The settlement contained monetary as well as non-monetary terms. Only one non-monetary term of the settlement is at issue: "Plaintiff will receive a meeting with a caseworker to order an NDOC approved jacket in his size. The jacket …, if approved, will be provided to Plaintiff free of cost to him." (ECF No. 68-2 at 3.)

According to NNCC Associate Warden Benu Clark, after the settlement was completed Warden Breitenbach brought a 6x NDOC approved jacket and had it sent to NNCC, and on September 11, 2025, NNCC staff met with Plaintiff to provide him with an opportunity to order the jacket available in NDOC's catalog. (Clark Decl., ECF No. 68-3 ¶¶ 4-5.) Plaintiff rejected this option, claiming he believed he was supposed to be able to order a jacket from an online vendor or that NDOC would have one custom made for Plaintiff in PI, presumably referring to Prison Industries. (*Id*. ¶ 6.) On September 18, 2025, Plaintiff was provided with the 6x jacket, but this offer was again rejected by Plaintiff. (*Id*. ¶ 7.) Plaintiff was apparently seeking a jacket from the Dickies Brand, but Clark states that brand of jacket has not been offered in NDOC for at least five years. (*Id*. ¶ 8.) Staff spoke to Plaintiff on December 5, 2025, advising Plaintiff of

---

[1] Case 3:18-cv-00310-CLB has already been dismissed with prejudice.

his options: that he could have the prior offered jacket or order one from the canteen. Plaintiff declined both options. (*Id*. ¶ 9.)

Defendants now move to enforce the settlement agreement, arguing they have fulfilled all terms of the agreement.

## II. DISCUSSION

Courts possess inherent authority to enforce settlement agreements in pending cases. *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957-58 (9th Cir. 2021); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Moreover, the agreement in this case provides that the court retains jurisdiction for purposes of enforcing settlement until the stipulation and order for dismissal is filed and granted. (ECF No. 68-2 at 4.)

The construction and enforcement of settlement agreements are governed by principles of state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013) (quoting *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004)). "That is true, 'even where a federal cause of action is settled or released.'" *Id.* (quoting *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993)).

"Under Nevada law, 'a settlement agreement['s] construction and enforcement are governed by principles of contract law.'" *Id.* (citing *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257 (2005)). "The 'ultimate goal is to effectuate the contracting parties' intent.'" *In re Amerco Derivative Litig.*, 252 P.3d 681, 693 (Nev. 2011).

The settlement agreement contained a term that Plaintiff receive a meeting with a caseworker to order an NDOC approved jacket in his size, which would be provided to him free of charge. Plaintiff has not opposed this motion to dispute that he was provided with the meeting; that he was provided with an NDOC-approved jacket in his size (that would be provided free of charge). However, Plaintiff rejected this proposal or the offer that he order another NDOC-

approved jacket in his size from the canteen. To the extent that Plaintiff believes he should be entitled to order a jacket from an outside vendor not currently used by NDOC, the agreement does not support his position as it provides that he is entitled to an *NDOC-approved* jacket. As such, the court finds Defendants have completed their obligations under the settlement agreement. The settlement agreement should be enforced, and this action, as well as case 3:24-cv-00598-MMD-CSD, should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion to enforce the settlement agreement (ECF No. 68-3) and **DISMISSING WITH PREJUDICE** this action as well as case 3:24-cv-00598-MMD-CSD.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 11, 2026

_____
Craig S. Denney
United States Magistrate Judge

4